# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| QUALITY MECHANICAL CONTRACTORS, LLC, <br><br>   Plaintiff, <br><br>   vs. <br><br> AMERICAN HOME ASSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; and ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X; inclusive, <br><br>   Defendants. | Case No.: 2:11-cv-00232-RLH-RJJ <br><br> **O R D E R** <br><br> (Motion to Dismiss–#4; <br> Motion to Dismiss–#5; <br> Motion to Remand–#15; <br> Motion to Dismiss–#27; <br> Motion to Strike–#28 <br> Motion for More Definite Statement–#29) |

Before the Court are Defendant Zurich American Insurance Company's **Motion to Dismiss** (#4, filed Feb. 15, 2011), Zurich's **Motion to Strike** (#5, filed Feb. 15, 2011), Plaintiff Quality Mechanical Contractors, LLC's **Motion to Remand** (#15, filed Mar. 4, 2011), Defendant American Home Assurance Company's **Motion to Dismiss** (#27, filed Mar. 25, 2011), American Home's **Motion to Strike** (#28, filed Mar. 28, 2011), and American Home's **Motion for a More Definite Statement** (#29, filed Mar. 29, 2011). The Court has also considered the various Oppositions, Replies, and Joinders to these motions.

1

AO 72
(Rev. 8/82)

**BACKGROUND**

Most of the facts surrounding this case are not material to the disposition of these motions and therefore the Court will not go into much detail about the background of this case. This action arises out of alleged defective construction of the Queensridge Towers Project in Clark County, Nevada. Quality Mechanical filed its complaint in the Eighth Judicial District Court for the State of Nevada ("State Court") on December 20, 2010. All Defendants were served on January 17. (Dkt. #15, Mot. to Remand, Ex. 1 Proofs of Service.) Allianz subsequently removed the case based on diversity jurisdiction on February 10, without seeking consent from its co-defendants. Apparently not realizing that Allianz had removed the case, American Home filed multiple motions with the State Court four days later. For the reasons discussed below, the Court grants Quality Mechanical's motion to remand and defers ruling on the remaining motions for the State Court.

**DISCUSSION**

**I.     Motion to Remand**

   **A.     Standard**

For proper removal in a case involving multiple defendants, all defendants must consent to the removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). In *Proctor*, the Ninth Circuit held that this circuit does not require parties to formally join in a notice of removal or for parties to file individual documents showing consent to removal as many other circuits do. *Id.*  In the Ninth Circuit, "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id.*  However, if a defendant has improperly removed a case, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c). Of course, the district court should deny a motion to remand to state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984).

/

### B.      Analysis

In this case, each defendant was served on January 13, 2010. Defendants then had thirty days in which to remove if they so desired, which Allianz did. 28 U.S.C. § 1446(b). However, in its notice of removal, Allianz did not claim that each of the other Defendants consented to the removal as contemplated by *Proctor*. However, soon after removal, Zurich filed two motions with this Court (##5, 6), which the Court accepts as evidence of Zurich's consent to removal. But regardless of Zurich's consent, there was no evidence of American Home's consent at that time. The first evidence of American Home consenting to removal was its participation in the Joint Status Report (Dkt. #23), filed March 16 and the subsequent joinders and motions it filed on March 25 (##25, 26, 27, 28, 29).

The question for the Court, therefore, is whether American Home's participation in the Joint Status Report or subsequent filings are sufficient evidence of timely consent to removal. The Court finds that they are not. The Defendants were each served on January 13, giving them until February 13 to remove this case. 28 U.S.C. § 1446(b). February 13 was a Sunday, so removal on the 14th would have been sufficient. Zurich's filings a few days after removal demonstrate timely consent; American Home's filings a month after removal do not demonstrate timely consent. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (implicitly recognizing that joining a notice of removal a month late is a procedural defect requiring the district court to remand, though also determining that reversal of a district court's decision not to remand may not be warranted under certain circumstances even where there is a procedural defect). Further, on the 14th, the last day where removal would have been proper, American Home filed multiple motions with the State Court. The filing of these motions does not demonstrate either intent or consent to removal. Allianz could have sought consent prior to removing this case or soon thereafter, but failed to do so whatever the reason, and has presented no evidence that American Home consented within the time periods set forth by statute. Accordingly,

/

remand is proper.  Since the Court will remand this case, the Court defers ruling on the remaining motions for the State Court.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Quality Mechanical's Motion to Remand (#15) is GRANTED.

IT IS FURTHER ORDERED that the Court DEFERS ruling on all other motions for the State Court.

The Clerk of the Court is directed to remand this case to the Court from which it originated.

Dated: August 22, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**